Ernest W. Klatte, III (State Bar No. 115914)
eklatte@rutan.com
Shawn M. Larsen (State Bar No. 204439)
slarsen@rutan.com
Summer Young-Agriesti (State Bar No. 232883)
syoung@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone: 714-641-5100
Facsimile: 714-546-9035

Attorneys for Plaintiff
SHC, SERVICES INC. dba SUPPLEMENTAL HEALTH CARE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| SHC, SERVICES INC. dba SUPPLEMENTAL HEALTH CARE, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>ALL HEALTH SERVICES, CORPORATION, a California corporation; ALL HEALTH SERVICES, LLC, a California limited liability company; ROBERT A. GARCIA, an individual; DEBORAH G. MACKEY, an individual; NADINE M. PEREZ-TURRIETTA,<br><br>Defendants. | Case No. 1:06-CV-00761-AWI-DLB<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Date Action Filed: June 15, 2006<br>Trial Date: October 2, 2007 |

Plaintiff SHC Services, Inc. dba Supplemental Health Care ("SHC") and Defendants All Health Services Corporation; All Health Services, LLC; Robert A. Garcia; Deborah G. Mackey; and Nadine M. Perez-Turrietta (collectively, the "Defendants"), by and through their respective counsel, hereby stipulate as follows:

WHEREAS, in connection with discovery in this case, the parties have sought and/or anticipate seeking certain documents and/or information that the others contend is private, highly confidential, and/or proprietary;

WHEREAS, the parties desire to protect the confidentiality of such documents and information to ensure that they can obtain and pursue discovery with a minimum of delay and expense;

NOW, THEREFORE, the parties hereby stipulate and agree as follows:

1.   DEFINITIONS. As used in this Protective Order:

   a.   The term "Person" includes a natural person, association, organization, partnership, limited liability company, business, trust, corporation, or public entity and any agent of the foregoing.

   b.   The term "Material" means the original and any copy (regardless of origin or location) of any written, reported, recorded or graphic matter, however stored, produced or reproduced, including, but not limited to, computer-stored and computer retrievable information; testimony at depositions upon oral examinations or upon written questions; answers to interrogatories; information obtained from the inspection of premises; tangible objects or documents; answers to requests for admission; and anything that is a "writing" under the California Evidence Code and the Federal Rules of Civil Procedure.

   c.   The term "Provides" means the production, delivery, or transfer of any Material, voluntarily or involuntarily, regardless of whether it is performed pursuant to a request or subpoena.

   d.   The term "Confidential Information" means any information, whether documentary or oral, so designated by any producing Person or party which it reasonably and justifiably believes is of the type entitled to protection by law, subject to any party's right to challenge such designation through court intervention, as specified herein.

   e.   The term "Action" means the case entitled *SHC Services, Inc. dba Supplemental Health Care v. All Health Services Corporation, All Health Services LLC, Robert A. Garcia, Deborah G. Mackey, and Nadine M. Perez-Turrietta,* United States District Court, Eastern District of California, Case No. 1:06-CV-00761-AWI-DLB.

1          f.      The term "Defendants" means defendants All Health Services Corporation; All Health Services, LLC; Robert A. Garcia; Deborah G. Mackey; and Nadine M. Perez-Turrietta, and their current and former employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions.

           g.      The term "SHC" means Plaintiff SHC Services, Inc. dba Supplemental Health Care and its current and former employees, agents, managers, officers, directors, subsidiaries, parent companies, and divisions.

   2.      DESIGNATION/DISCLOSURE OF CONFIDENTIAL MATERIAL.

           a.      The parties may designate as confidential at the time of production any Materials or information that contains Confidential Information by placing or affixing on each page of such Material the legend "CONFIDENTIAL" or a similar legend.

           b.      Material designated as "CONFIDENTIAL" shall not be used for any purpose other than the prosecution or defense of the Action. Material designated as "CONFIDENTIAL" shall only be Provided, exhibited, or disclosed to the following persons:

                   (1)     Parties to the Action (SHC and the Defendants);

                   (2)     Outside counsel of record engaged in the prosecution or defense of this litigation for the parties, including necessary legal assistants, stenographic, or clerical employees assisting such counsel;

                   (3)     In-house counsel of any party engaged in the prosecution or defense of this litigation for the parties including necessary legal assistants, stenographic, or clerical employees assisting such counsel;

                   (4)     Outside experts, consultants or investigators retained by the parties or their counsel of record in connection with this litigation under the conditions described in Paragraph 5 below;

                   (5)     The United States District Court, Eastern District of California, and its personnel, or other persons acting on its behalf.

        c.      Persons to whom Material designated as "CONFIDENTIAL" is to be Provided, exhibited, or disclosed pursuant to this Paragraph 2 must have (a) read this order; (b) agreed to be bound by the terms thereof, (c) agreed to maintain said information in confidence, (d) agreed not to disclose the same except as permitted by this Paragraph 2, and (e) agreed to use said information solely for purposes of the prosecution and defense of this litigation and not for any business, competitive or other purposes whatsoever.

      3.    ATTORNEYS' EYES ONLY

        a.      If a Person or party believes that Material produced in the Action is of extreme competitive sensitivity to itself or others, and the Person and its/his counsel reasonably and in good faith believe such information includes genuine trade secret information, the producing Person or party may designate the information "CONFIDENTIAL—ATTORNEYS' EYES ONLY."  It is intended that the "CONFIDENTIAL—ATTORNEYS' EYES ONLY" designation be used only for such discovery materials or court documents as is necessary to avoid serious injury to the producing Person or others if such Material were disclosed to other parties or the public. Except as the Court specifically orders, information designated "ATTORNEYS' EYES ONLY" may be disclosed only to:

        (1)    Outside counsel of record and such counsel's employees to whom it is necessary that the material be disclosed for purposes of the Action provided that such counsel does not have an ownership interest in any party;

        (2)    Outside counsel's third party consultants and independent experts who are employed for the purposes of this litigation and who are not affiliated with, controlled by, or agents of, any party to this litigation, provided that such consultants or experts do not disclose "ATTORNEYS' EYES ONLY" Material to outside counsel of record who have an ownership interest in any party; and

          (3)    The Court and Court personnel and stenographic reporters at depositions taken in this action (subject to the other procedures outlined in this Protective Order).

    b.    All Persons authorized by this Paragraph 3 to have access to Material designated "ATTORNEYS' EYES ONLY" must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit "A," before gaining access to such Material. The original, executed "Agreement to be Bound by Protective Order" pursuant to this Paragraph 3 shall be maintained by the attorney of record who obtained the Agreement.

4.    DEPOSITIONS

    a.    The parties may designate any information disclosed during depositions as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" either on the record at the deposition or within 15 calendar days after completion of the deposition transcript.

    b.    Designation of the portion of the transcript (including exhibits) as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be made as follows: Upon review of the transcript by counsel for the party to whose information the contents of the deposition relate, that counsel shall designate within 15 calendar days after counsel's receipt of the transcript, by written communication to the other parties, the specific pages and lines to be designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY". Counsel shall list in a separate piece of paper the numbers of pages of the transcript containing designated information, inserting the list at the end of the transcript, and mailing copies of the list to counsel for all parties so that it may be affixed to the face of the transcript and each copy thereof. Pending such designation by counsel, the entire deposition transcript, including exhibits, shall be deemed "CONFIDENTIAL." If no designation is made within 15 days after receipt of the transcript, the transcript shall be considered not to contain any confidential material.

1        c.    In the event that any question is asked at a deposition that calls for the
2  disclosure of Materials or information designated "CONFIDENTIAL" or "ATTORNEYS'
3  EYES ONLY," the witness shall nevertheless answer such question, unless otherwise
4  instructed not to, provided that the only Persons in attendance at the deposition are Persons
5  to whom such information may be disclosed pursuant to this Order.

6        d.    A person not otherwise authorized to be shown information or
7  documents designated "CONFIDENTIAL" under this Order may be examined as a witness
8  at deposition and may be shown and may testify concerning any such information or
9  documents as follows:

10            (1)    A present employee of a producing Person or party may be
11  examined, may be shown, and may testify concerning any "CONFIDENTIAL" information
12  of that producing Person or party.

13            (2)    A former employee or consultant of a producing Person or
14  party may be examined, may be shown, may be interviewed, and may testify concerning
15  any "CONFIDENTIAL" information of a producing Person or party that pertains in any
16  way to the subject matter of his/her consultation or employment or to the subject matter of
17  his/her communications with the producing Person or party.

18            (3)    A non-party who has had any contact or relationship with a
19  party may be examined, may be shown, may be interviewed, and may testify:

20                (a)    Concerning any Material containing
21  "CONFIDENTIAL" information that appears on its face to have been communicated
22  between the non-party and any party; and

23                (b)    Concerning any "CONFIDENTIAL" information of a
24  party that documentary or testimonial evidence indicates was communicated between the
25  non-party and the party.

26      5.    <u>INADVERTENT DISCLOSURE</u>
27
28

a. If a producing Person or party inadvertently fails to stamp or otherwise appropriately designate certain documents or information as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" upon production or disclosure, the producing Person or any other party may thereafter designate by promptly giving written notice to all parties that the material is to be so designated. All parties shall then stamp or otherwise mark the designated material with a "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or similar legend.

b. To the extent provided by law, the inadvertent production of any privileged or otherwise protected materials shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to, the attorney-client privilege and the protection afforded to work-product materials, or the subject matter thereof. Upon receiving notice from a producing Person or party that materials have been inadvertently produced, all such materials (including all copies) shall be returned to the producing Person or party within 5 business days of receipt of that notice, unless timely application is made to the Court within that period to challenge the claim of privilege.

6. CHALLENGE TO CONFIDENTIALITY DESIGNATION. A party may challenge another Person's or party's designation of Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under this Protective Order by notifying the producing party in writing of the challenge, including the identity of each document to which the challenge is directed and the specific factual and legal bases supporting the challenge. Any such challenge must be made, if at all, within 30 days of the producing party's designation of such Material. Within 14 days of receipt, the parties shall meet-and-confer telephonically or in person regarding the challenge in an effort to resolve the matter informally. If the parties are unable to resolve the matter informally, the challenging party may move the Court to determine the propriety of the challenge. To prevent the improper disclosure of any Confidential Information, the moving party shall lodge the Material at issue under seal consistent with the procedures set forth below.

7. **DISCLOSURE OF CONFIDENTIAL INFORMATION TO EXPERTS, CONSULTANTS AND INVESTIGATORS.**

a. Before a party discloses Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to any expert, consultant or investigator, the expert, consultant or investigator must certify that he or she has read this Protective Order and must sign a copy of the "Agreement to be Bound by Protective Order," attached hereto as Exhibit "A." Once the expert, consultant or investigator has executed the "Agreement to be Bound by Protective Order," it shall not be necessary for that person to sign a separate statement each time he or she is subsequently given access to information or Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." An expert, consultant or investigator that is shown Material designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" may retain copies of that Material or information subject to the provisions of Paragraph 8 below.

b. The original, executed "Agreement to be Bound by Protective Order" signed by Persons receiving Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," pursuant to this Paragraph 7 shall be maintained by the attorney of record who obtained the Agreement.

8. **COMPLETION OF LITIGATION.** Upon completion of all proceedings in this Action, including the expiration of all rights to judicial review, all Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall be returned to the producing party. Each party shall also ensure that all experts retained by the party to whom Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" were disclosed shall return all such Materials to the party retaining such expert or, alternatively, shall confirm in writing that all such Materials have been destroyed. Returning parties are not required to return or destroy any pleadings, discovery requests, documents filed with the Court, or attorney work-product. The provisions of this Protective Order restricting the dissemination, exhibition or other use of Materials designated as "CONFIDENTIAL" or

"ATTORNEYS' EYES ONLY" shall continue to be binding on any person subject to the terms of the Protective Order after conclusion of this Action.

9. <u>RIGHT TO SEEK RELIEF FROM THE COURT.</u>  Nothing in this Protective Order shall be deemed to limit, prejudice or waive any rights of any party or person:  (1) to resist or compel discovery with respect to, or to seek additional or different protection for, Material claimed to be protected by attorney work-product or other applicable privilege, Material as to which the party or person claims a legal obligation not to disclose, or Material not required to be produced pursuant to governing laws and rules; (2) to seek to modify or obtain relief from any aspect of this Protective Order; (3) to object to the use, relevance or admissibility at trial of any evidence, whether or not comprised of Confidential Information governed by this Protective Order; (4) otherwise to require that discovery be conducted according to governing laws and rules; or (5) to oppose production of any information on any ground allowed under Federal Rules of Civil Procedure, or any other state or federal law, rule or regulation.  By signing this Order, a producing party is not deemed to waive any objection to the production of any document.  In addition, the election by any party to disclose any portion of its "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information to others shall not be deemed a waiver of any of the rights established by this Order.  The placing of any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation or a production identification number on the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial.

10. <u>FILING CONFIDENTIAL INFORMATION WITH THE COURT.</u>  Whenever a party files any document with the Court that contains (a) Materials that have been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," or (b) Confidential Information of any party, the filing party shall first request permission to file the Material under seal in accordance with Federal Rule of Civil Procedure 26(c), and/or other applicable federal and local rules as follows:

1       a.      To the extent that a party seeking to file with the Court any information that has been designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" does not intend to seek an order that the information may be filed under seal, such party must notify the producing party at least five (5) business days prior to the party's submission of a motion or application pursuant to Federal Rule of Civil Procedure Rule 26(c) and other applicable rules of law, so that the producing party may submit briefing to the Court in support of the confidential treatment and the filing under seal of the information.

        b.      The party seeking to file documents subject to a pending motion or application to seal must put the documents in a sealed envelope, lodge the sealed envelope with the Court, and affix to the sealed envelope the caption of the case and the following notation (or a similar notation):

**Contains Confidential Material Subject To**

**A Motion To File The Record Under Seal;**

**To Be Opened Only By Or As Directed By The Court**

        c.      Pending determination of the motion or application, the lodged record shall be conditionally under seal;

        d.      If necessary to prevent disclosure, the motion or application, any opposition, and any supporting documents, must be filed in a public redacted version and lodged in a complete version conditionally under seal;

        e.      If the Court denies the motion or application for an order to file the documents under seal, the clerk must return the lodged record to the submitting party and must not place it in the case file. The submitting party, at its election, may then re-file its own materials without a "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" designation or may re-file its papers without the inclusion of the "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material at issue; and

    f. A copy of this protective order shall either be submitted with the lodged documents or made an exhibit to the motion or application to seal

  11. Should counsel for any party desire to use "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" material, or any portion or summary thereof, during any proceedings held in open court, he or she shall, prior to such use, make reference to the confidentiality thereof, and counsel for the designating party may at the time of that use request that any portion of the transcript containing that reference to "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information, and any "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" documents attached as exhibits, be filed under seal with this Court and be accorded treatment as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information as provided by this Order.  Counsel for the parties shall exercise due care not to disclose "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" information needlessly in the public record of any proceedings.

  12. A person with custody of Materials designated as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" shall maintain it in a manner that ensures that access to it is strictly limited to Persons entitled to receive Confidential Information in accordance with this Protective Order.

  13. In the event a party or its attorneys receive a subpoena or other process or order to produce Confidential Information in another action or proceeding, that party and/or its attorneys shall, not later that 14 days prior to compliance with the subpoena or other process or order, notify the other party's attorney of record in this Action and specify the Confidential Information sought by the subpoena or other process or order.

  14. Upon conclusion of this litigation, this Court shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders concerning the subject of this Protective Order as may be necessary or appropriate.  Counsel for the designating party shall have the opportunity to oppose any request for public inspection.

15. In the event anyone shall violate or threaten to violate any terms of this Protective Order, the aggrieved party may seek damages and injunctive relief, and it shall not be a defense thereto that the aggrieved party possesses an adequate remedy at law.

/ / /

/ / /

/ / /

16. Except as described herein, this Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to any Confidential Information.

Dated: September __, 2006            By: _____
                                         Shawn M. Larsen
                                         Attorneys for Plaintiff
                                         SHC, SERVICES INC. dba
                                         SUPPLEMENTAL HEALTH CARE

                                         _____

| | | |
|---|---|---|
| 1 | Dated: September __, 2006 | By: _____<br>Dana B. Denno<br>Attorneys for Defendants<br>ALL HEALTH SERVICES, CORPORATION; ALL HEALTH SERVICES, LLC; ROBERT A. GARCIA; DEBORAH G. MACKEY; and NADINE M. PEREZ-TURRIETTA |

7

**ORDER**

IT IS SO ORDERED:
Dated:  September 18, 2006          /s/ Dennis L. Beck
U.S. Magistrate Judge
Eastern District of California

**CERTIFICATION TO BE BOUND BY PROTECTIVE ORDER**

I hereby acknowledge that I am about to receive Confidential Information provided in connection with the litigation entitled *SHC Services, Inc. dba Supplemental Health Care v. All Health Services Corporation, All Health Services LLC, Robert A. Garcia, Deborah G. Mackey, and Nadine M. Perez-Turrietta,* United States District Court, Eastern District of California, Case No. 1:06-CV-00761-AWI-DLB (the "Action"). I certify my understanding that such Confidential Information is to be provided to me pursuant to the terms and restrictions of the Protective Order in the action and that I have been given a copy of and have read said Protective Order and agree to be bound by the terms thereof.  I understand that such Confidential Information and any copies I make of any Document containing Confidential Information or any notes or other records that may be made regarding any such Confidential Information shall not be disclosed to any persons other than those persons to whom such information may be disclosed pursuant to this Protective Order.

Dated: _____          _____
                                                                Signature

Rutan & Tucker, LLP
*attorneys at law*

2310/022713-0004
723902.01 a09/15/06

-14-