UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHC SERVICES, INC, ) | 1:06cv0761 AWI DLB |
| ) | |
| Plaintiff, ) | ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL |
| v. ) | |
| ) | (Documents 73, 74, 75, 76, 77, 78, 79 and 80) |
| ALL HEALTH SERVICES, et al., ) | |
| ) | |
| Defendants. ) | |

Plaintiff SHC Services, Inc. ("SHC") filed the instant motions to compel further responses to special interrogatories and production of documents on December 22, 2006. SHC filed eight motions total: four separate motions against each Defendant seeking further responses to the first set of requests for production of documents, and four separate motions against each Defendant seeking further responses to special interrogatories. The motions were heard on January 19, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge. Shawn Larsen appeared on behalf of SHC. Gordon Park appeared on behalf of Defendants.

**BACKGROUND**

This is an action by SHC against three former employees- Defendants Robert Garcia ("Garcia"), Nadine Perez-Turrietta ("Perez-Turrietta") and Deborah Mackey ("Mackey") (collectively the "Individual Defendants"), and their new employer, Defendant All Health Services Corporation ("All Health"). All three Individual Defendants left the employ of SHC on

1

or about June 9, 2006, or June 12, 2006. SHC and All Health are direct competitors in the temporary medical staffing industry. Both companies, or "registries," provide registered nurses, licensed vocational nurses and other medical services personnel to public and private entities. SHC alleges that Defendants have colluded to misappropriate SHC's confidential and proprietary employee and customer information in hopes of gaining an unfair business advantage.

SHC filed the instant action on June 15, 2006, pursuant to this Court's diversity jurisdiction. The Complaint alleges causes of action for (1) conversion; (2) breach of contract; (3) intentional interference with contractual relations; (4) intentional interference with prospective business advantage; (5) trade secret misappropriation; (6) breach of confidence; (7) trade libel; (8) defamation; (9) unfair competition; (10) unjust enrichment; and (11) accounting. SHC seeks damages and injunctive relief.

Defendants filed their answer on July 6, 2006.

On August 1, 2006, the Honorable District Judge Anthony W. Ishii entered an order denying SHC's motion for a temporary restraining order.

On September 18, 2006, the Court entered a Scheduling Conference Order setting the discovery cutoff for May 7, 2007, the dispositive motion deadline for June 1, 2007, and a jury trial for October 2, 2007.

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

## FIRST SET OF SPECIAL INTERROGATORIES

SHC seeks to compel responses in three general categories (covering Interrogatories Numbers 3-6, 7-10 and 13-14) from All Health. SHC also seeks to compel responses in four general categories (covering Interrogatories Numbers 1-5, 7-8) from each Individual Defendant.

For purposes of this motion, the discovery at issue is broken down as (1) discovery addressed to All Health; and (2) discovery addressed to the Individual Defendants.

A.    All Health's Responses to Interrogatories

    1.    Numbers 3-6: All Health's Contact with SHC's Current and Former Employees About Employment with All Health

Interrogatories Numbers 3-6 seek information about communications All Health had with current and former employees of SHC, as well as each Individual Defendant prior to their resignation, about employment with All Health.

The Interrogatories define "identify" as (i) the date of the communication; (ii) the person(s) participating in, or party to, the communications; (iii) the substance of the communications; and (iv) whether the communication was written, oral or otherwise.

A review of All Health's responses reveals that it has not provided the substance of the communications identified. In fact, it provided no response at all to Number 3. During the hearing, the parties agreed that Numbers 4-6, pertaining to the Individual Defendants, were moot because SHC has taken the depositions of the Individual Defendant and acquired the requested information.

As to Number 3, All Health agreed to provide a supplemental response.

    2.    Numbers 7-10: All Health's Temporary Medical Professional Employees Currently Working with Any of SHC's Four Largest Clients

In Interrogatories Numbers 7-10, SHC seeks identification of All Health employees who have worked at various correctional facilities since June 9, 2006. All Health stated numerous objections but did not provide any substantive responses.

All Health's primary objection is that the questions violate both its privacy rights and the privacy rights of third party individuals. All Health argues that because of the nature of the competition between All Health and SHC, i.e., nurses often go back and forth between companies, divulging the identities, etc. of the All Health employees would give SHC an unfair competitive advantage through possible recruitment opportunities.

Assuming All Health can assert a privacy right, the right does not outweigh SHC's need for the information. Such information will assist SHC in determining whether any recruitment occurred.

Pursuant to the discussion at the hearing, All Health's employees who have worked at the specified institutions can be divided into three categories: (1) longstanding All Health employees who were with All Health prior to June 9, 2006; (2) All Health employees who were previously SHC employees (the group at issue); and (3) All Health employees who did not work for SHC, but did not work for All Health prior to June 9, 2006.

At the hearing, the parties agreed to the following resolution: For the time period June 9, 2006 through January 1, 2007, All Health will identify employees in all three categories. The employees in category two are free to be deposed. The employees in categories 1 and 3, however, shall not be deposed until All Health's counsel has had an opportunity to object.

       3.      Numbers 13-14: Persons All Health Currently Employs From Its Hanford Office

Interrogatories Numbers 13 and 14 seek information regarding the employees in All Health's Hanford office. Number 13 seeks information about all employees working in All Health's office, and All Health has agreed to provide the information.

Number 14 seeks information about the medical professional employees that work out of All Health's Hanford office. While such information is relevant to explore recruitment, it is not necessary to provide all of the information required by the definition of "identify." Therefore, All Health shall provide only the names and professions of the employees responsive to this request.

B.    <u>Individual Defendants' Responses to Interrogatories</u>

       1.      Resignation from SHC and Potential Employment with All Health (Numbers 1-3)

The parties agree that Numbers 1 through 3 are moot given Individual Defendant's depositions and All Health's supplemental answers.

2.      Communications with Current or Former SHC Employees about All Health or, Post-resignation, about SHC (Numbers 4-5)

The parties agree that Numbers 4 and 5 are also moot given Individual Defendant's depositions and All Health's supplemental answers.

3.      All Health Compensation (Number 7)

In Interrogatory Number 7, SHC seeks information about Individual Defendant's various forms of compensation with All Health. All Health's main objections are based on Individual Defendant's privacy rights and relevancy.

The requested information is relevant because evidence of inflated compensation might suggest that All Health believed these individuals to have extra value insofar as they could bring SHC employees to their Hanford office. SHC is entitled to examine the evidence to determine if this is a viable argument.

In recognition of their privacy rights, Defendants have agreed to produce the information pursuant to the attorneys' eyes only provision of the September 19, 2006, Stipulated Protective Order.

4.      On-call Schedule While Employed with SHC (Number 8)

In the final interrogatory at issue, SHC seeks to discover the dates Individual Defendants were on-call. While this seems to be information that SHC would have in its possession, SHC explains that it also wants to determine if there were any dates that Individual Defendants believed they were on-call, regardless of the schedule. During the hearing, the parties agreed to the following resolution: SHC will provide relevant calendars/schedules for the period January 1, 2006, through June 9, 2006. Based on these calendars, Individual Defendants will (1) determine whether the dates identified by the calendars/schedules are an accurate representation of the dates they were on-call; and (2) identify any additional dates that they believed they were on-call that are not reflected on the calendars/schedules.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

SHC seeks to compel further responses in two general categories (covering Request Numbers 1,2,4-7, 10-14, 15-25, 27-30, 40-42, and 44-45) from All Health. SHC also seeks to

5

compel responses in three general categories (covering Request Numbers 6, 14-16, 18-20, 29 and 30) from each Individual Defendant. As above, the discovery at issue is broken down as (1) discovery addressed to All Health; and (2) discovery addressed to the Individual Defendants.

A.   <u>All Health's Responses to Requests for Production</u>

   **1.   Documents related to All Heath's business decision to expand its business in Hanford, California, a new territory and business conducted out of the Hanford Sequoia Inn on June 13-14, 2006 (Request Nos. 1, 2, 4-7, 10-13, 14, 40-42);**

At the hearing, the parties agreed that Request Numbers 1 and 3 are moot as All Health produced its Articles of Incorporation, Bylaws and General Liability Policy. As to Request Number 2, SHC's request for "All Financial Documents" is overly broad. At the hearing, SHC agreed to limit this request to documents filed by All Health with the California Department of Corrections. With limitation, All Health is ordered to further respond to this request.

With regard to the Request Numbers 6-13, All Health represents that it has produced all documents responsive to this request, despite its general objections. As discussed at the hearing, this is the vice of using boilerplate general objections. The responses do not allow for meaningful evaluation as neither the propounding party nor can the Court determine, with certainty, the requests for which the responding party is withholding documents and on what basis, and the requests for which it has no responsive documents. All Health is ordered to provide supplemental responses to Request Numbers 6-13 and 40-43 clarifying for each that all responsive documents have been produced and no documents are withheld based on an objection.

Request Number 14 seeks documents regarding All Health's client services rendered by the Hanford Office. While this request is also extremely broad, at the hearing, the parties agreed that All Health would produce its staffing calenders for the Hanford Office, pursuant to the terms of the Stipulated Protective Order.

Request Numbers 40-42 seek All Health's projections, budgets, economic forecasts, profit/loss statements and similar financial documents for the years 2005 - 2009. The Court agrees that some of the requested information is relevant to SHC's claims that All Health relied

on the fruits of SHC's efforts to build its offices in Hanford.  However, as drafted, the requests are overly broad.  Accordingly, Request Numbers 40-42 are limited to budgets and/or economic forecasts for the years 2006 and 2007.  As limited, All Health is ordered to respond.

**3.     Documents related to the growing numbers of former SHC employees now working at All Health (Request Nos. 15-25, 26-30, 38, 43-45).**

Like Interrogatories 3-6 discussed above, Request Numbers 15-25 seek documents related to communication between All Health and SHC's former employees, including the Individual Defendants.  SHC also seeks documents related to their various forms of compensation with All Health.  All Health's main objection to production is based on its privacy rights, the privacy rights of the Individual Defendants and the privacy rights of third parties.  Assuming All Health can assert a privacy right, the right does not outweigh SHC's need for the documents.  Accordingly, consistent with the Court's order to respond to the interrogatories, All Health shall produced documents responsive to Request Numbers 15-25, pursuant to the attorneys eyes only provision of the Stipulated Protective Order.  However, as discussed at the hearing, with respect to these requests, SHC is only entitled to documents regarding the *terms* of the various employees' employment and compensation, not the individuals' specific performance.

Request Numbers 26-28 seek documents evidencing All Health's employment procedures.  All Health represents that all responsive documents have been produced and that no documents have been withheld.  All Health shall provide a supplemental response so clarifying.

Request Numbers 29 and 30 seek documents relating to All Health's efforts and procedures for obtaining "gate clearance" as required for their employees to work in the various correctional facilities.  At the hearing, SHC clarified that it was seeking documents evidencing how long it takes their employees to obtain the necessary clearance.  With this limitation, All Health agreed to produce additional documents.

Request Number 38 seeks documents evidencing marketing communication by All Health with SHC's former or present clients.  When limited to documents evidencing All Health's offers to provide services or negotiations to provide services to SHC's present and

former clients, these documents are relevant to SHC's claims. All Health is therefore ordered to produce documents responsive to this request, as limited.

All Health represents that it has produced all documents responsive to Request Numbers 43 - 44. All Health shall provide a supplemental response clarifying that documents have not been withheld.

At the hearing, the parties agreed that Request Number 45 is moot.

**B.   REQUESTS FOR PRODUCTION OF DOCUMENTS SERVED ON INDIVIDUAL DEFENDANTS**

SHC's requests to the Individual Defendants fall into two general categories (2) categories:

1.   **Documents related to communications between the Individual Defendants and SHC's current or former employees and clients, including cellular telephone records (Request Nos. 14, 16, 18, 29, 30)**.

These requests seek the Individual Defendants' cellular telephone records from January 1, 2005 to the present. SHC contends these records are relevant to its claims that the Individual Defendants directed their marketing efforts, coupled with direct recruitment, to SHC employees. The Individual Defendants object to production of these records based on their own privacy and the privacy of third parties. As discussed at the hearing, defendants are in a better position to review their cellular telephone bills and redact any information pertaining to personal calls. Accordingly, defendants shall respond to these requests by producing their cell phone bills for the period January 2006 through June 30, 2006. Defendants may redact any information pertaining to personal telephone calls.

2.   **Documents related to business conducted out of the Hanford Sequoia Inn on June 13-14, 2006 (Requests Nos. 15, 19, 20).**

Defendants represent that notwithstanding their objections, there are no documents responsive to these requests. Based on this representation, defendants shall provide a supplemental response, clarifying that after a diligent search, they have determined that no

responsive documents are in their possession, custody or control and that no documents have been withheld.

## SANCTIONS

The Court will address Plaintiff's request for sanctions in a separate order.

## CONCLUSION

Based on the foregoing, SHC's motions to compel filed December 22, 2006 is granted in part. On or before February 12, 2007, as detailed in this Order, defendants shall further respond as follows:

1. All Health shall further respond to Interrogatory Numbers 3, 7-10, 13, 14;
2. The Individual Defendants shall further respond to Interrogatory Number 7 and 8;
3. All Health shall further respond to Request for Production of Documents Numbers 2, 6-14, 15-25, 26-30, 38 and 40-44;
4. The Individual Defendants shall further respond to Request for Production of Documents Numbers 14 -16, 18 -20 and 29, 30

IT IS SO ORDERED.

Dated:   **February 6, 2007**             /s/ **Dennis L. Beck**
3b142a                                     UNITED STATES MAGISTRATE JUDGE

9