1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SHC SERVICES, INC, | ) | 1:06cv0761 AWI DLB |
| | ) | |
| | ) | |
| Plaintiff, | ) | ORDER GRANTING PLAINTIFF'S MOTION |
| | ) | TO COMPEL AND FOR SANCTIONS |
| v. | ) | |
| | ) | (Document ) |
| ALL HEALTH SERVICES, et al., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff SHC Services, Inc. ("SHC") filed the instant motion to compel further discovery and for sanctions on March 12, 2007.  SHC also filed an ex parte application for an order shortening time for the hearing on the motion.  The Court denied the ex parte application and the motion was heard on April 13, 2007, before the Honorable Dennis L. Beck, United States Magistrate Judge.  Shawn Larsen appeared on behalf of SHC and Christopher Lozano appeared on behalf of Defendants.

## BACKGROUND

This is an action by SHC against three former employees- Defendants Robert Garcia ("Garcia"), Nadine Perez-Turrietta ("Perez-Turrietta") and Deborah Mackey ("Mackey") (collectively the "Individual Defendants"), and their new employer, Defendant All Health Services Corporation ("All Health").  All three Individual Defendants left the employ of SHC on or about June 9, 2006, or June 12, 2006.  SHC and All Health are direct competitors in the

1

temporary medical staffing industry.  Both companies, or "registries," provide registered nurses, licensed vocational nurses and other medical services personnel to public and private entities. SHC alleges that Defendants have colluded to misappropriate SHC's confidential and proprietary employee and customer information in hopes of gaining an unfair business advantage.

SHC filed the instant action on June 15, 2006, pursuant to this Court's diversity jurisdiction.  The Complaint alleges causes of action for (1) conversion; (2) breach of contract; (3) intentional interference with contractual relations; (4) intentional interference with prospective business advantage; (5) trade secret misappropriation; (6) breach of confidence; (7) trade libel; (8) defamation; (9) unfair competition; (10) unjust enrichment; and (11) accounting. SHC seeks damages and injunctive relief.

Defendants filed their answer on July 6, 2006.

On August 1, 2006, the Honorable District Judge Anthony W. Ishii entered an order denying SHC's motion for a temporary restraining order.

On September 18, 2006, the Court entered a Scheduling Conference Order setting the discovery cutoff for May 7, 2007, the dispositive motion deadline for June 1, 2007, and a jury trial for October 2, 2007.

On February 6, 2007, the Court issued an Order granting in part SHC's motion to compel. With regard to Requests Nos. 14, 16, 18, 29 and 30 to the Individual Defendants, the Court ordered:

> These requests seek the Individual Defendants' cellular telephone records from January 1, 2005 to the present.  SHC contends these records are relevant to its claims that the Individual Defendants directed their marketing efforts, coupled with direct recruitment, to SHC employees.  The Individual Defendants object to production of these records based on their own privacy and the privacy of third parties.   As discussed at the hearing, defendants are in a better position to review their cellular telephone bills and redact any information pertaining to personal calls.  Accordingly, defendants shall respond to these requests by producing their cell phone bills for the period January 2006 through June 30, 2006.  Defendants may redact any information pertaining to personal telephone calls.

Defendants were ordered to produce the records on or before February 12, 2007.

SHC claims the Individual Defendants have not complied with the February 6, 2007 Order. On February 12, 2007, the Individual Defendants produced some, but not all of the responsive phone records. On February 28, 2007, defendant Garcia produced 30 additional pages of records which the Individual Defendants claimed completed their production with regard to the cell phone records. SHC reviewed the production and found the following deficiencies: Defendant Mackey failed to produce records for June 5-30, 2006; there were several instances in which the Individual Defendants had redacted non-personal and relevant calls from their records; and each of the Individual Defendants appeared to have used different methods and criteria in redacting their records.

SHC maintains that the cell phone communications are at the heart of this case and given the several admitted violations, the only way to ensure compliance is to force the Individual Defendants to produce unredacted records. SHC requests an Order:

1.    Compelling the Individual Defendants to immediately produce un redacted copies of their cellular phone bills for January 2006 through June 30, 2006;

2.    Impose a fine against each of the Individual Defendants of $1,000 per day for every day they fail to produce their un redacted cellular phone bills to be paid to SHC;

3.    Impose monetary sanctions of $5,000 against each Individual Defendant (for a total of $15,000) for their failure to comply with the February 6, 2006 Order, to be paid to SHC; and

4.    Award SHC $2,700 in attorneys' fees and costs incurred in filing this Motion and the accompanying ex parte application.

The Individual Defendants deny that they were generally left to their own devices in obtaining and redacting their telephone records and explain that the over redactions were not intentional but a matter of mis-communication and oversight. Defendants also explain that Mr. Garcia's records had to be ordered from his cellular provider, which caused some delay in his production. Defendant Mackey explains that the initial omission of her June 2006 phone records was simply a matter of oversight.

Defendants admit that some inadvertent redactions occurred in connection with their supplemental production which were immediately explained to counsel.  Defendants argue there was no intentional conduct or attempt to stonewall SHC.   The Individual Defendants argue they substantially complied with the Court's Order and further, acted reasonably and in good faith.  The Individual Defendants therefore request that the Court deny SHC's motion to compel and for sanctions.

### DISCUSSION

The determination to sanction is subject to a court's sound discretion.  *See Dahl v. City of Huntington Beach*, 84 F.3d 363, 367 (9th Cir. 1996); *Wages v. Internal Revenue Service*, 915 F.2d 1230, 1235 (9th Cir.), *cert. denied*, 489 U.S. 1096, 111 S.Ct. 986 (1991); *Erickson v. Newmar Corp*. 87 F.3d 298, 303 (9th Cir. 1996).  "For a sanction to be validly imposed, the conduct in question must be sanctionable under the authority relied on."  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 490 (9th Cir.) (internal quotations omitted), *cert. denied*, 493 U.S. 1035, 110 S.Ct. 757 (1990).

Federal judges have broad powers to impose sanctions for abuses of process.  *Gas-A-Tron*, 534 F.2d at1324-1325.  The sources of power to sanction include federal statutes and procedural rules, local rules, and a court's inherent power.  For instance, this Court's Local Rule 11-110 provides: "The failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."

The party who prevails on a motion to compel is entitled to his or her expenses, including reasonable attorney fees, unless the losing party was substantially justified in making or opposing the motion.  F.R.Civ.P. 37(a)(4)(A).

Under Federal Rule of Civil Procedure 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may make such orders in regard to the failure as are just," including to:

1.      Designate facts as established;

2.      Refuse to allow the disobedient party to support or oppose designated claims;

4

1    3.      Prohibit the disobedient party from introducing designated matters in evidence;

2    4.      Strike out pleadings or parts thereof;

3    5.      Stay further proceedings until an order is obeyed;

4    6.      Dismiss an action, proceeding or any part thereof; or

5    7.      Render judgment by default against the disobedient party.

6    F.R.Civ.P. 37(b)(2)(e) authorizes monetary sanctions and states in pertinent part:

7            In lieu of any of the foregoing orders or in addition thereto, the court shall
             require the party failing to obey the order or the attorney advising that party or
8            both to pay the reasonable expenses, including attorney's fees, caused by the
             failure unless the court finds that failure was substantially justified or that other
9            circumstances make an award of expenses unjust.

10   The Individual Defendants' failure to comply with the Court's February 12, 2007 Order

11   regarding the production of their cellular phone records is disappointing in light of the extensive

12   discussion and treatment of this issue at the first hearing on SHC's motion to compel.  The Court

13   and the parties laboriously went through the requested documents and requirements for

14   production.  Nevertheless, and now in receipt of the redacted documents, SHC is still left with

15   less than complete responses to the discovery.

16           Based on the foregoing, SHC's motion to compel is HEREBY GRANTED.  On or before

17   April 20, 2007, the Individual Defendants shall produce *unredacted* copies of their cellular

18   telephone bills for the period January 2006 through June 30, 2006.  SHC's motion for sanctions

19   is granted in part.  The Individual Defendants shall pay SHC's reasonable attorneys' fees and

20   costs associated with bringing this motion, excluding the expenses associated with the ex parte

21   application for order shortening time.  Counsel for SHC shall submit a declaration identifying the

22   relevant costs and attorneys' fees.  SHC's motion for contempt sanctions is denied.  The Court

23   reserves the issue of whether SHC shall be entitled to re-take depositions based on new

24   information obtained from the unredacted phone records.

25

26           IT IS SO ORDERED.

27       Dated:    **April 19, 2007**        **/s/ Dennis L. Beck**
                                              UNITED STATES MAGISTRATE JUDGE
28